I concur with the position taken by the majority which dismisses this appeal for lack of jurisdiction, on the basis that the appellant's notice of appeal was not filed in a timely manner, in accordance with App.R. 4(A). This failure to comply with App.R. 4(A) clearly deprives this court of jurisdiction to consider this appeal, thereby requiring dismissal of the instant appeal. It is only upon the non-binding dicta, regarding the merits of appellant's Second Assignment of Error that I feel compelled to comment.
While I do not advance an opinion regarding the ultimate issue raised by appellant's Second Assignment of Error, to wit: ineffective assistance of trial counsel, it is my opinion that the admissibility of the prior statements of the victim are controlled by State v. Debo (1966), 8 Ohio App.2d 325,222 N.E.2d 656, and not State v. Williamson (Sept. 12, 1996), Ross App. No. 95CA2155, unreported. Williamson, states the general rule that, in self-defense cases, specific instances of the victim's past violent conduct are inadmissible as character evidence unless the defendant was aware of those incidents. The defendant's knowledge of the victim's prior violent acts is critical because the purpose of admitting such evidence is to prove the reasonableness of the defendant's own conduct.
Debo, however, allows evidence of specific threats made by the victim against the defendant, even if the defendant was unaware of these threats. Evidence of such threats is admissible under the state-of-mind exception to the hearsay rule. The purpose of admitting the threats is not to show that the victim had a violent character generally, but rather to prove the victim's ill-will toward the defendant in particular.
Given our disposition of the instant case under App.R. 4(A), in my opinion it is unnecessary to address the merits of the appellant's Second Assignment of Error. In the future, we may be presented with a case that requires us to more thoroughly addresses the evidentiary issues involved in Williamson and Debo. At that time, we may determine whether, and to what extent, the rules in those two cases conflict with, or compliment, one another. Until then, however, it is inappropriate to declare that evidence is inadmissible under the general rule of Williamson
when a specific, more limited rule of evidence is applicable.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Opinion
Evans, J.: Concurs with Concurring Opinion
For the Court
 BY: _________________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.